UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIK FORMAN,

                 Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; JULIE NARIMAN, PRINCIPAL OF HIGH SCHOOL OF LANGUAGE AND INNOVATION, in her official and individual capacity; YAN WANG, ASSISTANT PRINCIPAL OF HIGH SCHOOL OF LANGUAGE AND INNOVATION, in her official and individual capacity,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2020

19 Civ. 8156 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Erik Forman, brings this action against Defendants, the New York City Department of Education, and the principal and assistant principal of the High School of Language and Innovation (the "School"), Julie Nariman and Yan Wang. Plaintiff asserts one cause of action under 42 U.S.C. § 1983, alleging that Defendants retaliated against him for serving as a union chapter leader. Compl. ¶¶ 2, 52–53, ECF No. 2. Defendants move to dismiss most of Plaintiff's claims as time-barred. Def. Mem. at 1, ECF No. 11. For the reasons stated below, Defendants' motion is GRANTED.

## BACKGROUND

    The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

    In 2014, Plaintiff was hired as an English as a Second Language ("ESL") teacher at the School. Compl. ¶¶ 12–13. During his first year, Plaintiff received a favorable performance

review and had no disciplinary infractions. *Id.* ¶¶ 16–17. In the spring of 2015, Plaintiff announced his intent to run for union leadership. *Id.* ¶ 19. On May 21, 2015, Defendant Nariman gave Plaintiff an unfavorable performance evaluation. *Id.* ¶ 20.

On June 4, 2015, Plaintiff was elected as the chapter leader for his union. *Id.* ¶¶ 15, 22. In July 2015, Plaintiff criticized the School's ESL program, safety plan, and curriculum. *Id.* ¶¶ 18, 24–25, 34. Defendant Nariman continued her allegedly retaliatory behavior, giving Plaintiff low evaluations, observing his teaching with increased scrutiny, and failing to grant any of his teaching preferences. *Id.* ¶¶ 28, 35–37, 41, 45, 47.

On October 10, 2016, Plaintiff filed a retaliation claim before the Public Employee Relations Board. Pl. Opp. at 6, ECF No. 20. Nearly three years later, Plaintiff initiated this action. *See* Compl.

## DISCUSSION

I. <u>12(b)(6) Standard</u>

   A. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations

defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015).

II. Analysis

Plaintiff's § 1983 claims are time-barred. A three-year statute of limitations applies to § 1983 claims brought in New York. *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004). Initiating an administrative proceeding does not toll the statute of limitations under § 1983. *Tuckett v. Police Dep't of City of New York*, 708 F. Supp. 77, 78 (S.D.N.Y. 1989) ("[T]he statute of limitations period under §§ 1981 and 1983 is not tolled by the filing of an administrative claim." (alteration in original)).

On August 30, 2019, Plaintiff filed this lawsuit alleging that Defendants retaliated against him on multiple occasions between the spring of 2015 and September 2, 2016. *See* Compl. Therefore, the statute of limitations bars Plaintiff's § 1983 claims relating to acts that occurred before August 30, 2016.

The Court rejects Plaintiff's argument "that the continuing violation doctrine applies to his claims of a free speech violation." Pl. Opp. at 4. Under the continuing violation doctrine, where "a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Washington v. Cty. of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (alteration in original) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)). Disciplinary proceedings and poor performance evaluations are "discrete acts" that do not trigger the continuing violation doctrine. *Valtchev v. City of New York*, 400 F. App'x 586, 589 (2d Cir. 2010); *see also Birch v. City of New York*, 675 F. App'x 43, 44 (2d Cir. 2017) ("[T]he complaint is based primarily on a series of discrete alleged retaliatory events such as punitive transfers,

undesirable assignments, and poor performance reviews.  Such discrete discriminatory acts are not actionable if time barred." (alteration in original) (internal quotation marks omitted)).  Here, Plaintiff fails to make any factual allegations of a continuing practice or policy of discrimination other than alleging discrete retaliatory acts that do not invoke the continuing violation doctrine.

Plaintiff also asserts that his claim before the Public Employee Relations Board "noticed Defendant[s]" and thus "does not place an undue burden on Defendant[s]." Pl. Opp. at 6–7.  To the extent Plaintiff argues that initiating an administrative proceeding should toll the statute of limitations, this argument fails.  *See Tuckett*, 708 F. Supp. at 78.

Because Plaintiff's § 1983 claims accruing before August 30, 2016, fall outside of the three-year statute of limitations, Defendant's motion to dismiss these claims is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss the complaint is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF Nos. 11, 18.

SO ORDERED.

Dated: September 16, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge