

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMANDA M. BLAIR**
Labor & Employment Law Division
Phone: (212) 356-8767
Fax: (212) 356-2089
Email: ablair@law.nyc.gov

January 25, 2021

**By ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Erik Forman v. New York City Department of Education, et al.,
       19-CV-08156 (JPC) (GWG)
       Our No. 2019-059777

Dear Judge Cronan:

      I am the Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants New York City Department of Education ("DOE"), Julie Nariman, and Yan Wang (collectively "Defendants") in the above-captioned action. Pursuant to Your Honor's January 21, 2021 Order, Defendants respectfully submit this letter in response to Plaintiff's request to reopen discovery. See ECF Docket Nos. 54, 57. For the following reasons, Plaintiff's request should be denied.

      In a letter, submitted after Defendants filed their motion for summary judgment and Plaintiff opposed Defendants' motion, Plaintiff has requested that the Court reopen discovery. See ECF Docket No. 54, at 1-3. Plaintiff has not cited any legal authority in support of his letter request. Pursuant to Rule 56 (d) of the Federal Rules of Civil Procedure, a nonmovant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Bank of Am., Nat'l Ass'n v. Kamico, Inc., 2012 U.S. Dist. LEXIS 58606, at *9 (S.D.N.Y. Apr. 24, 2012). "The Second Circuit has long held that a party seeking to reopen discovery must demonstrate by affidavit: (1) what additional facts it wishes to discover and how they are to be obtained; (2) how those facts are reasonably expected to defeat the summary-judgment motion by creating issues of material fact; (3) what efforts the party has made during discovery to obtain this information; and (4) why it was unsuccessful in doing so." Id. at *9-10; see also Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 926 (2d Cir. 1985).

      Here, Plaintiff asserts in his letter that he requested emails from the DOE email system and communications between DOE employees concerning his job search in 2017. See

ECF Docket No. 54, at 2. Plaintiff adds that he disclosed certain unspecified emails showing his side of the conversation but was not provided alleged communications showing the other side of the conversation. See id. at 1-2. While Plaintiff contends that these emails from unidentified persons are "crucial," he does not provide any further elaboration. See id. at 2. Even in his opposition to Defendants' motion for summary judgment, Plaintiff merely conclusively states that the additional (unspecified) data from DOE would lead a jury would find that his September 1, 2016 rating was retaliation for his First Amendment activity. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Opp'n"), at 38. Presumably, however, Plaintiff expects that a search of the emails of unidentified persons will support his allegation that his "developing" overall rating factored into his failure to obtain employment following his leave during the 2016-2017 school year. See Pl.'s Compl. ¶ 51. In addition, Plaintiff seeks incident reports and witnesses statements from an incident on March 28, 2016. See ECF Docket No. 54, at 2-3.

Preliminarily, Plaintiff's request should be denied as he has failed to submit an affidavit or declaration identifying the specific reasons he cannot present facts to justify his opposition. See Bank of Am., Nat'l Ass'n, 2012 U.S. Dist. LEXIS 58606, at *9. Further, any contention that Plaintiff cannot present facts to justify his opposition is disingenuous as his opposition is comprised almost entirely of alleged facts supportive of his position.

On the merits, Plaintiff's request should be denied because he has failed to explain how the additional facts will be obtained, how the additional facts will defeat Defendants' motion for summary judgment, and how he made efforts, but was unsuccessful in obtaining the requested information during discovery. See Bank of Am., Nat'l Ass'n, 2012 U.S. Dist. LEXIS 58606, at *9-10; see also Kulkarni v. City Univ. of N.Y., 2003 U.S. Dist. LEXIS 7, at *13-14 (S.D.N.Y. Jan. 3, 2003). Plaintiff writes in his letter that until the undersigned's January 14, 2021 phone conversation with Plaintiff, he was unaware of the scope of the email collection. However, the discovery responses Plaintiff received from the previously assigned attorney, dated March 18, 2020, state that the custodian accounts of Plaintiff and the individual defendants (i.e. Nariman and Wang) will be searched. See Defendants' Response and Objections to Plaintiff's First Request for Production of Documents to Defendants, Exhibit "A," ¶¶ 20, 62-64. Moreover, Plaintiff's overly broad request for "all communications" concerning Plaintiff was reasonably narrowed to March 1, 2015 through September 30, 2016, the relevant time-period with respect to Plaintiff's allegations against Nariman and Wang. See id.

In addition, Plaintiff does not state with any particularity in his letter how he expects to obtain communications from unidentified individuals during the spring of 2017. See Bank of Am., Nat'l Ass'n, 2012 U.S. Dist. LEXIS 58606, at *9. Presumably, Plaintiff expects Defendants to search the emails of an unidentified number of individuals for information relevant to his request. Such a request, however, would be unduly burdensome at this late stage of litigation. Moreover, Plaintiff had ample opportunity to make this request during the six months discovery. See Jackson v. Fed. Express, 766 F.3d 189, 198-99 (2d Cir. 2014) (appeal denied, in part, where the parties had seven months to conduct discovery); see also id. (citing Burlington Coat Factory Warehouse Corp., 769 F.2d at 927 (when a party has "ample time in which to pursue the discovery that it now claims is essential," a district court has broad discretion to deny a request for further discovery)). Moreover, Plaintiff has not shown how the

additional search of unidentified custodian accounts will create an issue of fact. See Bank of Am., Nat'l Ass'n, 2012 U.S. Dist. LEXIS 58606, at *12 ("A conclusory accusation accompanied by a generalized request for additional discovery is the type of fishing expedition under 56 [d] disfavored by the courts."). Plaintiff contends that because of his allegedly retaliatory "developing" overall rating from Principal Nariman, he was unable to obtain a teaching position at DOE at the end of the 2016-2017 school year. See Pl.'s Compl. ¶ 51. The facts show, however, that Plaintiff applied to three jobs and inquired about a few additional positions over a four day period – May 8th, 9th, 12th, and 13th – in May 2017, and then put in his request for voluntary leave from DOE on May 15, 2017, the day he was offered a position at SUNY Empire State College's Harry Van Arsdale Center for Labor Studies ("SUNY"). See Defs. 56.1 ¶¶ 62-70. Plaintiff does not specifically address this point in his opposition, falling back on his conclusory assertion that he did not receive a job offer despite applying to schools across the Bronx during a teacher shortage. See Pl.'s Compl. ¶ 51; see also Pl.'s Opp'n, at 24-25. The haste with which Plaintiff put forth his notice once he obtained the teaching position with SUNY, however, does not support his contention that he harbored any true desire to return to work at DOE. Further, Plaintiff admits that his "developing" rating did not operate as an absolute bar to employment with DOE as he received an interview. See Pl.'s Opp'n, at 24.

Concerning Plaintiff's request for incident reports and witness statements from the incident on March 28, 2016, Plaintiff has also failed to show how the information will create an issue of fact or is material to his opposition to Defendants' motion for summary judgment. See Bank of Am., Nat'l Ass'n, 2012 U.S. Dist. LEXIS 58606, at *12. First, any claims associated with the disciplinary meeting after the March 28, 2016 incident, are time-barred. See Order, ECF Docket No. 33. Second, Plaintiff has already made the allegation that Nariman's contention that there were discrepancies with Plaintiff's account of the incident and other witnesses was a fabrication. See Pl.'s Compl. ¶¶ 31-32; see also ECF Docket No. 54, at 2. Plaintiff has failed to show how the incident report and witness statements will add any additional information that was not already conveyed through Plaintiff's testimony. See Whitefield v. Imperatrice, No. 08-3395 (CBA) (LB), 2010 U.S. Dist. LEXIS 141899, at *44-45 (E.D.N.Y. Sep. 17, 2010) (citing Burlington Coat Factory Warehouse Corp., 769 F.2d at 926 (The movant "must explain [the] inability to obtain facts and demonstrate how postponement will correct problem [and] cannot rely on vague assertions regarding nature of facts to be discovered.")). Finally, Plaintiff has failed to show how he tried to obtain the emails and incident report information during discovery but was unsuccessful. See Bank of Am., Nat'l Ass'n, 2012 U.S. Dist. LEXIS 58606, at *12. Plaintiff admits that it was not until he began drafting his opposition to Defendants' motion for summary judgment that he realized there was information he wanted for his opposition that was not a part of Defendants' productions. See ECF Docket No. 54, at 1.

Accordingly, as Plaintiff failed to submit an affidavit or declaration in accordance with F.R.C.P 56 (d), and otherwise has not shown how the requested discovery will change the outcome of Defendants' motion for summary judgment, his request to reopen discovery should be denied.

Thank you for your consideration of this matter.

3

Respectfully Submitted,

/s/
Amanda M. Blair

cc: Erik Forman, *Pro Se* (by Email and ECF)

It is hereby ORDERED that the parties shall appear for a telephone conference in this matter on February 2, 2021 at 12:30 p.m.  At the scheduled time, Plaintiff and counsel for Defendants should call (866) 434-5269, access code 9176261.

SO ORDERED.

Date:   January 27, 2021
        New York, New York

_____
JOHN P. CRONAN
United States District Judge